## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SEAN SIKES, ) | |
| ) | |
| *Plaintiff,* ) | |
| vs. ) | Case No: |
| ) | |
| GENERAL MOTORS, LLC ) | |
| ) | **Jury Trial Demanded** |
| ) | |
| Serve: *Registered Agent* ) | |
| 1100 SW Wanamaker Rd.. STE 103 ) | |
| Topeka, KS 66604 ) | |
| ) | |
| *Defendant.* ) | |

## COMPLAINT

Plaintiff Sean Sikes ("Plaintiff"), by and through his undersigned counsel, for his Complaint against General Motors, LLC (Defendant), states and alleges as follows:

### Nature of Action

1. This is an action for legal and equitable relief to address the deprivation of Plaintiff's civil rights based on disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.* and §12203 ("ADA"),

### Parties

2. Plaintiff is an individual and a resident of Olathe, Kansas.

3. At all times pertinent to this Complaint, Plaintiff was an employee within the meaning of the ADA.

4. Defendant General Motors, LLC is a domestic for-profit corporation licensed to do business in the State of Kansas and can be served by serving its Registered Agent at the address set forth in the caption.

5. At all times relevant hereto, Defendant General Motors, LLC is an employer governed by ADA.

6. On information and belief, General Motors, LLC employs (and at all times relevant has employed) more than 500 employees.

## Jurisdiction and Venue

7. The claims alleged arise out of Plaintiff's employment with Defendant at its Kansas City, Kansas location, 3201 Fairfax Trafficway, Kansas City, Kansas 66115.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under the laws of the United States.

9. This Court has general personal jurisdiction over Defendant because it is subject to service of process in the State of Kansas and has affiliations with the State of Kansas that are so continuous and systematic as to render it essentially at home in this State. This Court has specific personal jurisdiction over Defendant because the claim against it arises out of its acts in the State of Kansas that were purposefully directed at a resident of this State, including the commission of tortious acts.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim against Defendants occurred in this judicial district.

## Administrative Procedures

11. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about **August 8, 2024**. A true and correct copy of his charge is attached as **Exhibit A** and is incorporated herein by reference.

12. Plaintiff filed a timely amended Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about **December 17, 2024**. A true and correct copy of his charge is attached as **Exhibit B** and is incorporated herein by reference.

13. The EEOC issued Plaintiff a Notice of Right to Sue for all charges on **March 27, 2025.** A true and correct copy of those notices are attached as **Exhibit C** and are incorporated herein by reference.

14. This lawsuit has been timely filed with this Court, and Plaintiff has fully complied with all administrative prerequisites before filing this action.

## General Allegations

15. Plaintiff began his employment with Defendant at its Fairfax location in Kansas City, Kansas, in 1996 and was employed there until his illegal termination on October 21, 2023.

16. Plaintiff is a disabled individual suffering from cancer.

17. Plaintiff held the position of Lead Industrial Electrician.

18. Plaintiff was a model employee throughout his entire career and remained qualified to perform his job with Defendant.

19. Tragedy struck Plaintiff in January 2023 when he was diagnosed with cancer.

20. Plaintiff informed Defendant of his diagnosis immediately.

21. Despite receiving this devastating health news, Plaintiff continued to perform well at work and asked for very little from Defendant by way of accommodations, if any.

22. However, in March 2023, Plaintiff and his two daughters fell ill with pneumonia.

23. As a single father battling cancer and then battling pneumonia Plaintiff requested sick leave and did so on March 7, 2024.

24. This request was only the fourth time in 28 years that Plaintiff requested sick leave.

25. Plaintiff was granted sick leave and brought himself and his daughters back to health during that time off.

26. Then, on April 3, 2023, Plaintiff had surgery to remove his cancer.

27. Defendant was made aware every step of the way of Plaintiff's treatment and prognosis.

28. After his surgery, Plaintiff developed a staph infection which required more medical treatment.

29. Plaintiff was qualified to perform his job and could perform that job with or without an accommodation and intended to do so.

30. Plaintiff had full intention of returning to work but was blindsided by a termination notice received just one day after his cancer post-op follow-up appointment.

31. The termination letter stated that Plaintiff incorrectly filled out his leave request, which was not true.

32. This left Plaintiff with no health insurance.

33. Plaintiff fought that termination for months and was finally reinstated in September of 2023.

34. Upon Plaintiff's return, he heard from other employees of Defendant that management of Defendant wanted to get rid of him because of his health.

35. Despite Plaintiff's health complications he continued to work for Defendant with zero issues.

36. But yet again, Defendant blindsided Plaintiff with a termination on October 21, 2023, just a little over a month after reinstating him.

37. Adding insult to injury when Plaintiff applied for unemployment Defendant incorrectly stated that Plaintiff had resigned from his position and precluded Plaintiff from unemployment benefits.

38. Then, on November 12, 2024, Plaintiff was approached and offered a settlement agreement from a representative of Defendant and the Union behind his attorney's back while Defendant had full knowledge that Plaintiff sought and acquired legal representation after his illegal termination.

39. The effect of this settlement agreement would preclude Plaintiff from filing this lawsuit.

40. When Plaintiff was presented with the agreement, he asked for a copy to review and the Defendant denied him this copy, even though a provision in the agreement gave Plaintiff 21 days to contemplate the agreement.

41. Defendant wanted to trick Plaintiff into signing this settlement agreement without legal representation present in an attempt to take Plaintiff at a weak moment because he has no income and no health insurance.

42. If Plaintiff signed this agreement and "settled" his claims, then Plaintiff would have his position back and his health insurance reinstated, without singing he would remain unemployed.

43. After much pushback, Defendant gave Mr. Plaintiff a copy.

44. Nowhere in his agreement was he advised to speak to an attorney about releasing his disability discrimination and retaliation claims (EEOC Charge of Discrimination).

45. Defendant was further not verbally advised to speak to an attorney adding more evidence to Defendant's nefarious attempt to bully Plaintiff.

46. Defendant was not within its right to engage in settlement negotiations with Plaintiff and did so unethically and retaliatory.

47. This offer was retaliatory because Defendant through its agents and attorneys thwarted ethical rules in an attempt to "strong arm" Plaintiff into dismissing his EEOC charge. In fact, in a phone call between Plaintiff and a Defendant representative, the Defendant representative said: "of course they want you to drop your EEOC case."

48. Dangling Plaintiff's job over his head and therefore his livelihood and health insurance would dissuade any reasonable employee from filing a charge of discrimination.

49. Further, this meant that Defendant had Plaintiff's position available.

50. Defendant believed Plaintiff was qualified for that position because they were contingently offering it to him, and Defendant refused to hire him for the position unless he dismissed his claims in retaliation for filing a charge of discrimination.

### Count I
### Disability Discrimination and Denial of a Reasonable Accommodation under the Americans with Disabilities Act (42 U.S.C. §12101 *et seq.*)

51. Plaintiff incorporates by reference all paragraphs and allegations in this Complaint as though fully set forth herein.

52. Plaintiff is disabled, as defined by the ADA, and at all relevant times herein and/or Defendant regarded Plaintiff as being disabled.

53. Specifically, Plaintiff suffers from cancer.

54. At all relevant times prior to Plaintiff's termination, Defendants were aware that Plaintiff had an impairment and a record of having such impairments.

55. Plaintiff is a qualified individual as defined by the ADA, due to his disability and/or Defendant's perception that Plaintiff is disabled.

56. Plaintiff was qualified for his positions, performed it well, and could perform the essential functions of his job duties for Defendant with or without reasonable accommodation.

57. Plaintiff's disability was a motivating factor for Defendant's actions.

58. Defendant's conduct was outrageous, intentional, willful, or shows an evil motive or reckless indifference or conscious disregard for Plaintiff's rights and right of others, and therefore Defendant is liable for punitive damages for punishment and deterrence purposes.

59. Specifically, Defendant's conduct in violation of the ADA included:

   a. Ignoring Plaintiff's complaints of disability discrimination.

   b. Terminating Plaintiff's employment

   c. Trying to strong-arm Plaintiff into settling his claims.

60. As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages, including lost wages, benefits, and other monies wrongfully taken from him, and emotional distress.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count I of his complaint, finding that he has been subjected to unlawful disability discrimination in violation of the ADA, for an award of compensatory and punitive damages, and for his reasonable attorneys' fees, costs, pre- and post-judgment interest as allowed by law, and for such other and further relief as this Court deems just and proper, including equitable relief.

## Count II
### Retaliation under the Americans with Disabilities Act (42 U.S.C. §12203)

61. Plaintiff incorporates by reference all paragraphs and allegations in this Complaint as though fully set forth herein.

62. Plaintiff opposed and reported unlawful disability discrimination in the workplace by bringing these issues to management and/or Human Resources.

63. Plaintiff's opposition to and reports of discrimination in the workplace constituted protected activities.

64. By reason of Plaintiff's opposition and reports, Defendant retaliated against Plaintiff, by including but not limited to, subjecting Plaintiff to unlawful termination.

65. Plaintiff's opposition to and reports of discrimination were causally connected and a motivating factor for Defendant's actions.

66. Defendant's conduct was outrageous, intentional, willful, or shows an evil motive or reckless indifference or conscious disregard for Plaintiff's rights and right of others, and therefore Defendant is liable for punitive damages for punishment and deterrence purposes.

67. As a result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages, including lost wages, benefits, and other monies wrongfully taken from him, and emotional distress.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant on Count II of his complaint, finding that he has been subjected to retaliation in violation of the ADA, for an award of compensatory and punitive damages, and for he reasonable attorneys' fees, costs, pre- and post-judgment interest as allowed by law, and for such other and further relief as this Court deems just and proper, including equitable relief.

## Prayer for Relief

WHEREFORE, Plaintiff, Sean Sikes, respectfully requests that this Court enter judgment against Defendant General Motors, LLC for Counts I and II and for actual and special damages including emotional distress, back pay and benefits with interest, reinstatement or front pay and benefits, punitive damages, attorneys' fees and costs incurred, and for such other and further relief as the Court deems just and necessary.

## Demand for a Jury Trial

Plaintiff hereby demands a trial by jury on all claims and issues so triable.

## Designated Place of Trial

Plaintiff, by and through counsel, hereby designates the United States District Court for the District of Kansas at Kansas City as the place of trial.

Respectfully Submitted,

BROWN, CURRY & DUGGAN, LLC

_____
Sarah J. Duggan
Kansas Federal Bar Number #79092
1600 Genessee STE 956
Kansas City, Missouri 64101
Ph: 816-756-5458
Attorneys for Plaintiff, Sean Sikes
sduggan@brownandcurry.com